**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P. O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for Plaintiffs, Ceruzzi Holdings, LLC and
Ceruzzi Philipsburg, LLC

**United States District Court**
**for the District of New Jersey**

|  |  |  |
|---|---|---|
| CERUZZI HOLDINGS, LLC AND<br>CERUZZI PHILIPSBURG, LLC<br><br>Plaintiffs,<br>vs.<br><br>INLAND REAL ESTATE ACQUISITIONS,<br>INC. and INLAND WESTERN RETAIL<br>REAL ESTATE TRUST, INC.,<br><br>Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No.:<br><br><br><br>**COMPLAINT** |

Plaintiffs, Ceruzzi Holdings, LLC ("Ceruzzi Holdings") and Ceruzzi Philipsburg, LLC ("Ceruzzi Philipsburg") (collectively, Ceruzzi Holdings and Ceruzzi Philipsburg are the "Ceruzzi Entities" or "Plaintiffs"), by and through their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., by way of Complaint against the defendants, Inland Real Estate Acquisitions, Inc. ("Inland") and Inland Western Retail Real Estate Trust, Inc. ("Inland Western") (collectively, Inland and Inland Western shall be referred to as "Defendants"), state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for specific performance, declaratory judgment, breach of contract, and related ancillary relief arising from Defendants' willful failure to abide by the terms

of that certain Purchase and Sale Agreement between Starwood Ceruzzi LLC ("Starwood Ceruzzi"), as seller, and Inland, as purchaser, dated March 25, 2005 (the "Purchase Agreement") whereby Starwood Ceruzzi agreed to sell, and Inland agreed to purchase, the properties identified and described on **Exhibit A** annexed hereto (each such property shall hereinafter be referred to individually as an "Individual Property" and collectively as the "Properties") for the aggregate purchase price of approximately $432,363,540.00.

2. On or about April 28, 2009, Starwood Ceruzzi and Ceruzzi Holdings entered into an Assignment of Membership Interest (the "Assignment"), a true copy of which is annexed hereto as **Exhibit B**.

3. The Assignment provides, in pertinent part, that

> THIS ASSIGNMENT OF MEMBERSHIP INTEREST (this "Assignment") is entered into as of April 28, 2009, by and between Starwood Ceruzzi LLC, a Delaware limited liability company ("Assignor") and Ceruzzi Holdings LLC, a Delaware limited liability company ("Assignee").
>
> …
>
> A. Assignor owns 100% membership interest in Ceruzzi Phillipsburg LLC, a Delaware limited liability company, (formerly known as Starwood Ceruzzi Phillipsburg LLC) (the "Company"), governed by that certain agreement captioned "Operating Agreement of Starwood Ceruzzi Phillipsburg LLC", dated as of May 2, 2000 (the "Limited Liability Company Agreement") by and between Assignor and the Company.
>
> B. Assignor desires to assign all of its membership interest (the "Member Interest") in the Company to Assignee and Assignee desires to accept such assignment and to assume all of the duties and obligations as a member of the Company on the terms and subject to the provisions set forth in the Limited Liability Company Agreement and the Assignment, a copy of which is attached hereto.

See **Exhibit B**.

29985/0117-6043746V3

4.      Consequently, due to the aforementioned Assignment, Ceruzzi Holdings is now the assignee of and successor-in-interest to Starwood Ceruzzi with respect to the Purchase Agreement.  Ceruzzi Holdings and Ceruzzi Philipsburg (formerly Starwood Ceruzzi Philipsburg LLC) are thus the parties in interest and proper plaintiffs to this action.

5.      As addressed in further detail below, despite the existence of the Purchase Agreement, signed by authorized representatives of both parties memorializing the terms and conditions of the transaction, Inland has wrongfully refused to acquire and close title on that certain Individual Property designated as Lot 3.01, Block 26 on the official tax map of the Township of Greenwich, New Jersey and identified on **Exhibit A** as "Greenwich Phase II" (the "Greenwich Phase II Property") which was to be held by an entity known as Starwood Ceruzzi Philipsburg LLC now known as Ceruzzi Philipsburg.  The Purchase Agreement, as amended by the April 19, 2007 letter agreement, provides that the purchase price of the Greenwich Phase II Property is approximately $11,824,473.00 (the "Greenwich Phase II Purchase Price").

6.      In anticipation of their breach of the Purchase Agreement by refusing to close on the Greenwich Phase II Property, also in violation of the Purchase Agreement, Defendants have failed and refused to deliver one of the following: (i) a letter of credit in the amount of the Greenwich Phase II Purchase Price (the "Greenwich Phase II Letter of Credit"); (ii) a cash deposit in the amount of the Greenwich Phase II Purchase Price (the "Greenwich Cash Deposit"); or (iii) a guaranty by Inland Western of the Greenwich Phase II Purchase Price (the "Greenwich Phase II Guaranty").  Defendants now seek to use this earlier breach of the Purchase Agreement to their advantage by arguing that the Ceruzzi Entities' remedies upon Defendants' breach of the Purchase Agreement by refusing to close are limited to requesting the non-existent

3

Greenwich Cash Deposit, drawing upon the non-existent Greenwich Phase II Letter of Credit or enforcing the non-existent Greenwich Phase II Guaranty.

7. The Ceruzzi Entities principally seek specific performance of the Purchase Agreement, as well as, a declaratory judgment requiring Defendants to comply with the terms of the Purchase Agreement.

8. As demonstrated below, the Ceruzzi Entities and/or their predecessors complied, in good faith, with all the terms and conditions contained in the Purchase Agreement and Defendants are without a legal or factual basis for taking the improper and unlawful action of refusing to close the transaction in breach of the Purchase Agreement.

**PARTIES**

9. Ceruzzi Holdings, LLC is a Delaware limited liability company with a principal place of business located at 1720 Post Road, Fairfield, Connecticut 06824. The sole member of Ceruzzi Holdings, LLC is Louis L. Ceruzzi, Jr., an individual and citizen of the State of Connecticut.

10. Ceruzzi Philipsburg, LLC is a Delaware limited liability company with a principal place of business located at 1720 Post Road, Fairfield, Connecticut 06824. The sole member of Ceruzzi Philipsburg, LLC is Ceruzzi Holdings, LLC (see supra).

11. Inland is an Illinois corporation with a principal place of business located at 2901 Butterfield Road, Oak Brook, Illinois 60523.

12. Inland Western is a Maryland corporation with a principal place of business located at 2901 Butterfield Road, Oak Brook, Illinois 60523.

## JURISDICTION AND VENUE

13. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because this action is between citizens of different states as Plaintiffs are both limited liability companies of the State of Delaware with principal places of buisness located in the State of Connecticut. Further, given that the citizenship of an LLC is determined with respect to the citizenship of its members, the sole member of plaintiff Ceruzzi Holdings, LLC is Louis L. Ceruzzi, Jr., an individual and citizen of the State of Connecticut. Furthermore, the sole member of the second plaintiff, Ceruzzi Philipsburg, LLC, is Ceruzzi Holdings, LLC whose sole member, as aforesaid, is Louis L. Ceruzzi, Jr. Defendant, Inland, is an Illinois corporation and defendant, Inland Western, is a Maryland corporation, with both having principal places of business in Illinois. Thus, all Plaintiffs are diverse from all Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

14. Venue is proper in the United States District Court - District of New Jersey - because a substantial part of the property that is the subject matter of the Plaintiffs' claims is located and the causes of action arose in this District pursuant to 28 U.S.C. §1391(a)(2).

## BACKGROUND

**(Facts Relevant to All Causes of Action)**

15. On or about March 25, 2005, Starwood Ceruzzi and Inland executed the Purchase Agreement evidencing the parties' intention to effect the sale of the Properties for the aggregate sum of approximately $432,363,540.00. (True and accurate copies of the Purchase Agreement and amendments thereto are attached hereto as **Exhibit C**).

16. At the time the Purchase Agreement was executed, each property referenced in the Purchase Agreement was to be owned by a different entity of which Ceruzzi Holdings is a

member. The property at issue in this litigation, the Greenwich Phase II Property, was to be owned by Starwood Ceruzzi Philipsburg, LLC, who sole member was Starwood Ceruzzi LLC, whose interests have since been assigned to Ceruzzi Holdings. As a consequence of the aforementioned Assignment (see **Exhibit B**), Ceruzzi Holdings and Ceruzzi Philipsburg LLC (formerly known as Starwood Ceruzzi Philipsburg LLC) have succeeded to Starwood Ceruzzi and Starwood Ceruzzi Philipsburg's claims in this lawsuit, including the interests in the subject property and contracts.

17.     Section 4(i) of the Purchase Agreement, as amended, provided that the closing on all of the Properties, except the Greenwich Phase II Property and Golfland II property (as defined in **Exhibit A**), would occur on May 19, 2005 (the "Closing Date").

18.     Section 25(a)(i) of the Purchase Agreement, as amended by letter agreement dated April 19, 2007, provides that closing on the Greenwich Phase II Property would occur thirty (30) days after the date that Ceruzzi Holdings' predecessor provides notice to Inland that Greenwich Phase II has been substantially completed and 100% of the floor area of Greenwich Phase II is occupied by tenants that are open for business and paying full rent, provided that Greenwich Phase II is substantially completed and fully leased on or before December 31, 2007.

19.     Section 25(a)(ii) of the Purchase Agreement further provides that the Ceruzzi Entities' predecessor can send written notice (the "Greenwich Put Notice") to Inland at any time between the Closing Date and the date that is 24 months after the Closing Date requiring Inland to purchase the Greenwich Phase II Property, provided that the Greenwich Phase II Property has been substantially completed on or before the Ceruzzi Holdings' predecessor sent the Greenwich Put Notice, notwithstanding that less than 100% of the floor area of Greenwich Phase II Property

6

is occupied by tenants. Such closing shall occur 30 days after the date on which the Ceruzzi Entities' predecessor deliver the Greenwich Put Notice.

20. Section 25(b)(i) of the Purchase Agreement, as amended by letter agreement dated April 19, 2007, provides that closing on the Golfland II property would occur thirty (30) days after the date that Ceruzzi Holdings' predecessor provides notice to Inland that Golfland II has been substantially completed and 100% of the floor area of Golfland II is occupied by tenants that are open for business and paying full rent, provided that Golfland II is substantially completed and fully leased on or before December 31, 2007. Section 25(b)(ii) of the Purchase Agreement further provides that Ceruzzi Holdings' predecessor can send written notice (the "Golfland-II Put Notice") to Inland at any time between the Closing Date and the date that is 24 months after the Closing Date requiring Inland to purchase Golfland II, provided that Golfland II has been substantially completed on or before the Ceruzzi Entities' predecessor send the Golfland II Put Notice, notwithstanding that less than 100% of the floor area of Golfland II is occupied by tenants. Such closing shall occur 30 days after the date on which the Ceruzzi Entities' predecessor deliver the Golfland II Put Notice.

21. Ceruzzi Holding' predecessors and Inland closed on all of the Properties except for the Greenwich Phase II Property and Golfland II Property on or before July of 2005. On December 27, 2007, Ceruzzi Holdings' predecessor timely sent the Golfland II Put Notice and Greenwich Put Notice to Inland (a copy of the Golfland II Put Notice and Greenwich Put Notice is annexed hereto as **Exhibit D**) in accordance with Sections 25(a)(ii) and 25(b)(ii) of the Purchase Agreement . On February 6, 2008, Ceruzzi Holdings' predecessor and Inland closed on the sale of the Golfland II property. To date, Inland has refused to purchase the Greenwich Phase II Property in accordance with the terms of the Purchase Agreement.

22. Section 3(d) of the Purchase Agreement provides that:

> At Closing, Purchaser shall (i) deliver to Escrow Agent either (A) the Greenwich Phase II Letter of Credit and Golfland-II Letter of Credit, or (B) a cash deposit in an amount equal to the face amount of the Greenwich Phase II Letter of Credit and Golfland-II Letter of Credit, or (ii) deliver to Seller a guaranty by Inland Western Retail Real Estate Trust, Inc. of the Greenwich Phase II Purchase Price and the Golfland-II Purchase Price … to secure Purchaser's obligations related thereto.

23. On or about May 20, 2005, Defendants delivered to Ceruzzi Holdings' predecessor a guaranty of Inland Western of the Golfland-II purchase price (a copy of the Golfland II guaranty is annexed hereto as **Exhibit E**). To date, Defendants have failed and refused to deliver either the Greenwich Phase II Letter of Credit, the Greenwich Cash Deposit or the Greenwich Phase II Guaranty in accordance with Section 3(d) of the Purchase Agreement.

24. On June 6, 2008 Arthur W. Hooper, Jr., Executive Vice President and General Counsel of Ceruzzi Holdings' predecessor, sent a letter to Dennis K. Holland of Inland Western, rebutting Inland's flawed position that certain leases at the Greenwich Phase II Property are not in accordance with the Purchase Agreement (a copy of the June 6, 2008 letter is annexed hereto as **Exhibit F**). The June 6, 2008 letter further explains that Defendants had copies of the Greenwich Phase II Property leases for over a year without notifying Ceruzzi Holdings' predecessor of Defendants' objection to or disapproval of the leases. It should be noted that Section 20 of the Purchase Agreement provides that if Inland does not object to a lease for the Greenwich Phase II Property within three (3) business days of its receipt thereof, such lease shall be deemed approved.

25. Mr. Hooper's June 6, 2008 letter further highlights that Ceruzzi Holdings' predecessor, at all times, acted in good faith in proceeding towards and preparing for the closing of the sale of the Greenwich Phase II Property in accordance with the terms of the Purchase

Agreement. Ceruzzi Holdings' predecessor sent the Greenwich Put Notice to Inland on December 27, 2007 and it was not until April 2008 that a representative of Inland indicated to Mr. Hooper that Inland was having second thoughts about closing on the Greenwich Phase II Property. Over the course of several months, Ceruzzi Holdings' predecessor spent a considerable amount of time and money preparing for the closing of the Greenwich Phase II Property in reliance on the actions and contractual obligations of Defendants.

26. Mr. Holland responded to Mr. Hooper by letter dated June 25, 2008 (a copy of the June 25, 2008 letter is annexed hereto as **Exhibit G**). None of the reasons set forth in Mr. Holland's June 25, 2008 letter justify Defendants' failure to comply with the terms of the Purchase Agreement or failure to close on the Greenwich Phase II Property.

27. Section 13(b) of the Purchase Agreement provides that if Inland shall fail or refuse to close pursuant to and in accordance with the terms of the Purchase Agreement with respect to the Greenwich Phase II Property, then Ceruzzi Holdings' predecessor's sole remedy for Inland's default shall be to: (A) terminate the Purchase Agreement and (B) as applicable, either (i) direct the Escrow Agent (as defined in the Purchase Agreement) to draw down under the Greenwich Phase II Letter of Credit, or (ii) direct the Escrow Agent to pay to Ceruzzi Holdings' predecessor the Greenwich Cash Deposit, or (iii) proceed against Inland Western under the Greenwich Phase II Guaranty.

28. As set forth above, Defendants failed to deliver either the Greenwich Phase II Letter of Credit, the Greenwich Cash Deposit or the Greenwich Phase II Guaranty and now seek to use this willful breach of the Purchase Agreement to their advantage by arguing that Plaintiffs' remedies upon Inland's breach of the Purchase Agreement is limited to requesting the Greenwich Cash Deposit, drawing upon the Greenwich Phase II Letter of Credit or enforcing the Greenwich

Phase II Guaranty, whichever is applicable, but none of which exist due to Defendants' refusal to deliver. Defendants' actions in breach of Section 3(d) of the Purchase Agreement have rendered the remedies provision in Section 13(b) of the Purchase Agreement useless. Accordingly, Plaintiffs come to this Court seeking, among other things, a declaratory judgment requiring Defendants to comply with Section 3(d) of the Purchase Agreement, specific performance of the Purchase Agreement, and monetary damages sustained as a result of Defendants' misconduct in breach of the Purchase Agreement.

29. Plaintiffs and/or their predecessors were in compliance with all of their obligations under the Purchase Agreement and are ready, willing and able to close on the Greenwich Phase II Property.

### AS AND FOR THE FIRST CAUSE OF ACTION
**(Specific Performance--Inadequate Remedy at Law)**

30. The Ceruzzi Entities repeat and reallege the allegations contained in the prior paragraphs of their Complaint as if same were set forth at length herein.

31. Ceruzzi Holdings' predecessor and Inland entered into a binding, enforceable Purchase Agreement for the purchase and sale of the Properties, specifically including the Greenwich Phase II Property, the material terms of which are definite and certain.

32. Inland has breached the Purchase Agreement and has acted in bad faith by failing to deliver the Greenwich Phase II Letter of Credit, Greenwich Cash Deposit or Greenwich Phase II Guaranty and therefore should not be shielded by Section 13(d) of the Purchase Agreement.

33. Furthermore, Inland has breached the Purchase Agreement by, among other things, refusing to purchase the Greenwich Phase II property from Ceruzzi Holdings and/or its predecessor pursuant to the terms and conditions of the Purchase Agreement.

34.     The breach of the Purchase Agreement by Inland cannot be adequately remedied by monetary damages because Inland has failed to comply with Section 3(d) of the Purchase Agreement and specific performance is the only real, fair and equitable remedy to which the Ceruzzi Entities are entitled.

## AS AND FOR THE SECOND CAUSE OF ACTION
**(Specific Performance--Breach of Contract)**

35.     The Ceruzzi Entities repeat and reallege the allegations contained in the prior paragraphs of their Complaint as if same were set forth at length herein.

36.     As the direct and proximate result of the failure and refusal of Inland to (i) consummate the Purchase Agreement between the parties by closing on the Greenwich Phase II Property, and (ii) deliver, on or before the Closing Date (defined in the Purchase Agreement as May 19, 2005) the Greenwich Phase II Letter of Credit, Greenwich Cash Deposit or Greenwich Phase II Guaranty, the Ceruzzi Entities have been denied the benefits of the bargain negotiated between the parties.

37.     Consequently, the Ceruzzi Entities have sustained damages and will continue to sustain damages into the future, which are difficult to ascertain and therefore the remedy for which is specific performance.

## AS AND FOR THE THIRD CAUSE OF ACTION
**(Declaratory Judgment)**

38.     The Ceruzzi Entities repeat and reallege the allegations contained in the prior paragraphs of their Complaint as if same were set forth at length herein.

39.     Section 3(d) of the Purchase Agreement required Inland to deliver, on or before the Closing Date (defined in the Purchase Agreement as May 19, 2005), (i) to Escrow Agent either "(A) the Greenwich Phase II Letter of Credit and Golfland-II Letter of Credit, or (B) a

cash deposit in an amount equal to the face amount of the Greenwich Phase II Letter of Credit and Golfland-II Letter of Credit, or (ii) deliver to Seller a guaranty by Inland Western Retail Real Estate Trust, Inc. of the Greenwich Phase II Purchase Price and the Golfland-II Purchase Price…"

40. Defendants delivered to Ceruzzi Holdings' predecessor a guaranty of Inland Western of the Golfland-II Purchase Price, but have not delivered the Greenwich Phase II Letter of Credit, the Greenwich Cash Deposit or the Greenwich Phase II Guaranty.

41. Defendants have materially breached the Purchase Agreement by refusing to comply with the terms of Section 3(d).

42. As a direct and proximate result of Defendants' breaches of the Purchase Agreement, the Ceruzzi Entities have suffered substantial damages. Defendants should be declared in breach and directed to comply with Section 3(d) and thereafter close on the Greenwich Phase II Property.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### (Alternative Relief/Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing )

43. The Ceruzzi Entities repeat and reallege the allegations contained in the prior paragraphs of their Complaint as if same were set forth at length herein.

44. Defendants have in bad faith failed to comply with the terms of Section 3(d) by failing to deliver either the Greenwich Phase II Letter of Credit, the Greenwich Cash Deposit or the Greenwich Phase II Guaranty.

45. Inland has failed in bad faith and refused to purchase the Greenwich Phase II property from Ceruzzi Holdings and/or their predecessors as required by the terms and conditions of the Purchase Agreement.

46. Defendants' conduct, as aforesaid, constitutes a material breach of the Purchase Agreement and a breach of the covenant of good faith and fair dealing implied in the Purchase Agreement.

47. Defendants' conduct, as aforesaid, is willful, wanton and in reckless disregard of the Ceruzzi Entities' rights under the Purchase Agreement.

48. As a direct and proximate result of Defendants' breaches of the Purchase Agreement, the Ceruzzi Entities have suffered substantial damages.

### AS AND FOR THE FIFTH CAUSE OF ACTION
**(Alter Ego/Piercing of Inland's Corporate Veil)**

49. The Ceruzzi Entities repeat and reallege the allegations contained in the prior paragraphs of their Complaint as if same were set forth at length herein.

50. At all relevant times, Inland Western has exercised complete dominion and control over Inland.

51. Upon information and belief, Inland and Inland Western have no genuine or separate corporate existence, but Inland has been used and exists for the sole purpose of permitting Inland Western to transact business under a corporate guise.

52. Upon information and belief, Inland Western, as the alter ego of the Inland, has been conducting, managing and controlling the affairs of Inland for the purpose of dealing with the Ceruzzi Entities and/or their predecessors and others similarly situated.

53. The Purchase Agreement contemplated that if Inland did not deliver the Greenwich Phase II Letter of Credit or Greenwich Cash Deposit to the Escrow Agent, Inland would deliver to Ceruzzi Holdings' predecessor the Greenwich Phase II Guaranty with Inland Western as guarantor. As set forth above, Defendants failed to deliver the Greenwich Phase II Letter of Credit, Greenwich Cash Deposit or Greenwich Phase II Guaranty.

13

54. As a direct and proximate result of the foregoing, Inland Western should be held liable to the Ceruzzi Entities for Inland's failure to honor the Purchase Agreement, and judgment should be entered against Inland Western for the relief demanded against Inland in this Complaint.

## AS AND FOR THE SIXTH CAUSE OF ACTION
**(Fraud)**

55. The Ceruzzi Entities repeat and reallege the allegations contained in the prior paragraphs of their Complaint as if same were set forth at length herein.

56. Defendants initially misrepresented to Ceruzzi Holdings' predecessor that they would honor the terms of the Purchase Agreement and close on the Greenwich Phase II Property in a timely manner and would provide Ceruzzi Holdings' predecessor with a letter of credit, a cash deposit or a guaranty pursuant to the terms of the Purchase and Sale Agreement.

57. Defendants knew the misrepresentations were false.

58. Defendants intended that Ceruzzi Holdings' predecessor rely upon said misrepresentations.

59. Ceruzzi Holdings' predecessor reasonably relied upon Defendants' promises and representations with respect to providing a letter of credit, a cash deposit or a guaranty. If said representations were not made, Ceruzzi Holdings' predecessor would not have entered into the Purchase and Sale Agreement.

60. Ceruzzi Holdings' predecessor relied to its detriment and Defendants have failed to honor their obligations under the Purchase and Sale Agreement.

61. Ceruzzi Holdings' predecessor's reliance was reasonable.

62. As a direct and proximate result thereof, the Ceruzzi Entities have sustained and continue to sustain substantial damages.

**WHEREFORE**, the plaintiffs, Ceruzzi Holdings, LLC and Ceruzzi Philipsburg, LLC, demand judgment against Defendants, Inland Real Estate Acquisitions, Inc. and Inland Western Retail Real Estate Trust, Inc., jointly, severally and/or in the alternative, as follows:

    A.    For specific performance of the Purchase Agreement;

    B.    Declaring and adjudging that Defendants are required to comply with Section 3(d) of the Purchase Agreement and deliver the Greenwich Phase II Letter of Credit, the Greenwich Deposit or the Greenwich Phase II Guaranty in the same form as the Golfland II Guaranty annexed hereto as Exhibit D and to close on the Greenwich Phase II property;

    C.    For monetary damages including, but not limited to, consequential damages, compensatory damages and interest resulting from Defendants' breach of the Purchase Agreement;

    D.    For punitive damages;

    E.    For attorneys' fees and costs of suit; and

    F.    For such other relief as the Court may deem just and equitable under the circumstances.

> COLE, SCHOTZ, MEISEL,
> FORMAN & LEONARD, P.A.
> Attorneys for Plaintiffs, Ceruzzi Holdings, LLC
> and Ceruzzi Philipsburg, LLC
>
> By: */s/Steven R. Klein*
>     Steven R. Klein

DATED: October 20, 2009

29985/0117-6043746V3

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Furthermore, I hereby certify that the within action is substantially similar to Case No. 3:09-cv-01588, which was dismissed without prejudice pursuant to the Order of the Honorable United States District Judge Mary L. Cooper on October 8, 2009. The within action, captioned "Ceruzzi Holding, LLC and Ceruzzi Philipsburg, LLC v. Inland Real Estate Acquisitions, Inc. and Inland Western Retail Real Estate Trust, Inc.," sets forth that the former plaintiffs, Starwood Ceruzzi, LLC and Starwood Ceruzzi Philipsburg, LLC, are no longer the proper parties in interest to the action as a result of an Assignment to the current Plaintiffs. The within action contains allegations substantially similar to those contained in Case No. 3:09-cv-01588, and this complaint is being filed with the permission of Judge Cooper pursuant to the aforementioned Order. The Defendants in the current action and the defendants in Case No. 3:09-cv-01588 are identical.

                    COLE, SCHOTZ, MEISEL,
                    FORMAN & LEONARD, P.A.
                    Attorneys for Plaintiffs, Ceruzzi Holdings, LLC
                    and Ceruzzi Philipsburg, LLC

                    By: */s/Steven R. Klein*
                          Steven R. Klein

DATED: October 22, 2009

29985/0117-6043746V3