**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

|                                        |   |                                    |
|----------------------------------------|---|------------------------------------|
| CERUZZI HOLDINGS, LLC, et al.,         | : | CIVIL ACTION NO. 09-5440 (MLC)     |
|                                        | : |                                    |
|       Plaintiffs,                      | : | **MEMORANDUM OPINION**             |
|                                        | : |                                    |
|       v.                               | : |                                    |
|                                        | : |                                    |
| INLAND REAL ESTATE ACQUISITIONS, INC., et al., | : |                            |
|                                        | : |                                    |
|       Defendants                       | : |                                    |

**COOPER, District Judge**

The plaintiffs, Cerruzzi Holdings, LLC and Ceruzzi Philipsburg, LLC ("plaintiffs"), commenced this action seeking relief for an alleged breach of contract by the defendants. (Dkt. entry no. 1, Compl. at 1.) The defendants, Inland Western Retail Real Estate Trust, Inc. and Inland Real Estate Acquisitions, Inc. ("defendants"), moved separately to dismiss certain counts of the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and also to strike a portion of the Complaint seeking punitive damages. (Dkt. entry no. 8, Mot. to Dismiss; dkt. entry no. 10, Second Mot. to Dismiss.) The defendants, while moving separately, rely on one brief and one reply brief. The plaintiffs oppose the motions. (Dkt. entry no. 12, Pl. Br.) The Court determines the motions on the briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will deny the motions in part and grant

the motions in part.  The Court will deny the motions insofar as they seek to dismiss the counts seeking specific performance, and grant the motions insofar as they seek to dismiss the fraud count.

## BACKGROUND

The plaintiffs commenced this action alleging that the defendants breached a contract for the purchase of property. (Compl. at 1-2.)  The dispute surrounds a purchase and sale agreement ("Agreement") finalized on March 25, 2005 for the purchase of several properties.  (Id. at 2.)  The plaintiffs allege that the defendants have "wrongfully refused to acquire and close title" on one of the properties governed by the agreement ("Greenwich Phase II Property").  (Id. at 3.)  They state that the defendants have "failed and refused to deliver the Greenwich Phase II Letter of Credit, the Greenwich Cash Deposit[,] or the Greenwich Phase II Guaranty in accordance with . . . [the Agreement]."  (Id. at 8.)  They state that they spent significant time and money preparing for the closing of the Greenwich Phase II Property relying on the contractual obligations of the defendants.  (Id. at 9.)  The Complaint includes six counts, including, inter alia, two counts seeking specific performance and one count seeking damages for alleged fraud.  (Compl. at 10-11, 14.)

**DISCUSSION**

## I.  12(b)(6) Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

## II.  Current Motion

The defendants seek to dismiss the plaintiffs' claims for specific performance and fraud, and to strike the portion of the Complaint seeking punitive damages.  (Dkt. entry no. 8, Def. Br.

3

at 1.)  They first seek to dismiss both counts seeking specific performance because they allege that the plaintiffs failed to plead facts sufficient to entitle them to specific performance. (Id. at 6.)  They argue that the plaintiffs have not pleaded any facts that would raise their right to specific performance beyond a speculative level.  (Id.)  The defendants argue that when a seller seeks specific performance, as the plaintiffs do here, the seller must make a special showing of unusual circumstances that would render ordinary damages inadequate.  (Id. at 7-8.)  They contend that sellers of real estate have an adequate remedy at law, and as such, are not entitled to specific performance.  (Id. at 9.)  The defendants contend that the plaintiffs here have failed to plead unusual circumstances that are sufficient to warrant specific performance.  (Id. at 10.)  They contend that nothing in the Complaint indicates that actual damages would be inadequate.  (Dkt. entry no. 15, Reply Br. at 8.)  They argue that the damages here can be calculated precisely, and as such, specific performance is inappropriate.  (Id. at 9.)

They further argue that the plaintiffs' fraud claim should be dismissed because it is barred by the economic loss doctrine and is not pleaded with particularity.  (Def. Br. at 12, 14.) They contend that the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract."  (Id. at 12.)  They

4

argue that fraud claims stemming from the failure to perform pursuant to a contract are barred by the economic loss doctrine because a failure to comply with the contract does not provide a tort action. (Id.) They argue that fraud claims relating to a contract can only be rooted in misstatements or omissions made prior to entering into the contract. (Id. at 12-13.) They contend that the plaintiffs do not allege the existence of fraud prior to the signing of the Agreement, but only refer to misrepresentations made after the execution of the Agreement and as such, the economic loss doctrine bars any fraud claim they make. (Id. at 13-14.) They further argue that while the plaintiffs state they are alleging fraud in the inducement, they fail to make such claims in the Complaint. (Reply Br. at 14.) They state that the Complaint fails to allege any misrepresentation extraneous to the Agreement. (Id. at 15.) They state that a plaintiff cannot transform a breach of contract claim into a fraud claim merely by asserting that the breaching party knew at the time of contract formation that it would not fulfill the contractual obligations. (Id. at 15.) They also seek to strike paragraph D of the plaintiffs' ad damnum clause because it seeks punitive damages, which are not permitted for breach of contract.

    They further argue that the plaintiffs have failed to meet the heightened pleading standard for fraud claims pursuant to

Rule 9(b).  (Def. Br. at 14.)  They contend that the plaintiffs provide no details about the alleged fraud including its content, who made the alleged misrepresentations, when they were made, to whom they were made, where they were made, or how they were made. (Id. at 16.)

The plaintiffs argue that they have sufficiently alleged a breach of contract claim that could be remedied with specific performance.  (Pl. Br. at 18.)  They state that they will be unjustly harmed if the Court does not order specific performance of the Agreement.  (Id.)  They further argue that they have pleaded alternate theories of relief and discovery will the proposed relief that is most appropriate.  (Id. at 18-19.)

They further argue that they have, in fact, pleaded a cognizable fraud claim.  (Id. at 21.)  They first argue that the economic loss doctrine does not serve to bar their fraud claim, because the alleged fraud is extraneous to the contract.  (Id.) They contend that the fraud is extraneous because the defendants fraudulently induced them to enter into the Agreement.  (Id. at 22.)

They further argue that their fraud claim meets the heightened pleading requirements for fraud claims under Rule 9(b).  (Id. at 23.)  They state that they have more than adequately placed the defendants on notice of the fraud allegations against them.  (Id. at 24.)  They state that the

Complaint plainly indicates that the alleged misrepresentations were made prior to the Agreement. (Id. at 25.) They further request that if the Court finds that they have failed to plead with specificity, that they be permitted to conduct discovery and amend their Complaint accordingly. (Id.) They further argue that the Court should not strike the portion of the Complaint seeking punitive damages because punitive damages are an available remedy for fraud claims. (Id. at 25.)

### III. Analysis of the Motion

The Court will deny the part of the motions seeking to dismiss the counts for specific performance. The Court acknowledges that for a seller to obtain specific performance, the seller must demonstrate that economic damages would be inadequate. Mesa Dev. Corp., VIII v. Meyer, 616 A.2d 954, 956 (N.J. App. Div. 1992). That the plaintiffs may have to eventually demonstrate the inadequacies of damages, however, does not mean that they must demonstrate this at the pleading stage. "Although specific performance is an appropriate remedy only if damages are impracticable or inadequate, [p]laintiffs may plead alternative theories requesting damages and specific performance until discovery may better elucidate which remedy, if any is appropriate." Preferred Real Estate Invs., Inc. v. Edgewood Props. Inc., No. 06-4266, 2007 WL 81881, at *4 (D.N.J. Jan. 9, 2007). The plaintiffs, in the Complaint, allege that damages are

7

difficult to ascertain and would inadequately compensate them. While the Court may have to eventually determine whether specific performance is appropriate, the plaintiffs allegations here are sufficient to survive a motion to dismiss.

The Court will, however, grant the part of the motions seeking to dismiss the plaintiffs' fraud claim.  The Court finds that the plaintiffs have failed to allege their fraud claim with sufficient particularity.  "A party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).  "The purpose of Rule 9(b) is to provide notice of the precise misconduct with which the defendants are charged and to prevent false or unsubstantiated charges." Rolo v. City Inv. Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998) (internal quotation and citation omitted).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).  "[T]he plaintiff must allege who made the purported misrepresentations and what specific misrepresentations were made." J.H. Reid Gen. Contractor v. Conmaco/Rector, L.P., No. 08-6034, 2010 WL 398486, at *6 (D.N.J. Jan. 27, 2010) (citation omitted).

The defendants argue that the plaintiffs fail to identify the persons who made the alleged misrepresentations, when they

8

Case 3:09-cv-05440-MLC-DEA   Document 18   Filed 04/29/10   Page 9 of 11 PageID: 728

were made, to whom they were made, and where or how they were made.  (Def. Br. at 16.)  When a plaintiff fails to "adequately allege the manner, place, date, and speaker of the alleged misrepresentations and any facts to support an inference of intent to deceive," the plaintiff has failed to meet the pleading standards of Rule 9(b).  S. Track & Pump, Inc. v. Terex Corp., 623 F.Supp.2d 558, 567 (D. Del. 2009)  In Southern Track, the court agreed with the defendant that the plaintiff failed to allege fraud with sufficient particularity when it identified few details "regarding the content, manner, and circumstances of the alleged fraud."

In Flaster/Greenberg P.C. v. Brendan Airways, LLC, the plaintiff alleged fraud in the inducement and stated that the defendant entered into a contractual agreement without the intention to be bound by the terms of the agreement.  No. 08-4333, 2009 WL 1652156, at *8 (D.N.J. June 9, 2009).  The court noted that the plaintiff failed to include "names or the specifics of what may have been said."  Id.  The court thus found that these statements were conclusory and failed to sufficiently plead fraud in the inducement pursuant to Rule 9(b).

The plaintiffs, in the Complaint, state that "defendants initially misrepresented . . . that they would honor the terms of the Agreement" and that they relied on these misrepresentations.  (Compl. at 14.)  General allegations that defendants made

9

misstatements to induce a plaintiff to enter a written agreement are insufficient to meet the Rule 9(b) pleading standards.  See Camphor, Inc. v. Brulant, LLC, No. 09-5465, 2010 WL 1383000, at *7 (D.N.J. Apr. 1, 2010).  The fraud allegation here fails to adequately allege the "manner, place, date, and speaker of the alleged misrepresentations," and does not include "names or the specifics of what may have been said."  The Court will thus dismiss the fraud claim as insufficiently pleaded pursuant to Rule 9(b).  The Court will also strike the portion of the Complaint seeking punitive damages as punitive damages are not an available remedy for breach of contract claims.  See Joseph Oat Holdings, Inc. v. RCM Digesters Inc., No. 06-4449, 2009 WL 4895262, at *5 (D.N.J. Dec. 11, 2009) (noting that punitive damages are not available for breach of contract claim).  The Court will, however, grant the plaintiffs leave to move to amend the Complaint to reallege this count with sufficient particularity.

## CONCLUSION

The Court, for the reasons stated supra, will grant the part of the motions seeking to dismiss the fraud claim and strike the portion of the Complaint seeking punitive damages, and deny the

10

part of the motions seeking to dismiss the claims for specific performance.

                                                  s/Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated:    April 29, 2010

11